UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KORANE WOMACK,
                Plaintiff,

                                    **Hon. Hugh B. Scott**

                v.                          02CV390
                                    (CONSENT)

                                    **ORDER**

K. MACKAY, C. KNAPP, P. MASTERANTONIO,
J. SANTOS, D. HERSH, T. WHEDON,

                Defendants.

Defendants Charles Knapp, Karen Dyal, Terry Whedon (collectively the "movants"), each jointly move for summary judgment (Docket No. 37), arguing that plaintiff fails to establish a prima facie case against either of them or that they are entitled to qualified immunity. The parties consented to proceed before the undersigned on May 13, 2003 (Docket No. 22)

**BACKGROUND**

Plaintiff, an inmate proceeding <u>pro se</u>, filed this action on May 29, 2002 (Docket No. 1). He alleges two claims relative to the moving parties here; first he alleges an excessive force claim against defendant Knapp (a corrections officer at Southport Correctional Facility ("Southport")). Second, he alleges a deliberate indifference claim for denial of medical care under the Eighth Amendment against defendants Dyal and Whedon, nurses at Southport.

On February 14, 2001, while plaintiff was receiving medication from a cart, plaintiff sought the attention of the sergeant and plaintiff stuck his right hand and forearm out a portal

used to receive items from the cart.  When plaintiff refused to return his arm and hand into the cell, Knapp allegedly slammed the hatch door on plaintiff's hand and wrist repeatedly.  Knapp then grabbed plaintiff's hand and bent back his fingers, kicked plaintiff's wrist and forearm, and then grabbed his fingers and bent them back again.  (Docket No. 1, Compl. ¶¶ 9-16, 17, 19, 22, 24.)  These actions caused extreme pain to plaintiff (id. ¶¶ 18, 20, 23).  Plaintiff then complained to nurse Dyal about his injuries.  She allegedly inspected plaintiff's arm and concluded there was nothing wrong with it.  (Id. ¶¶ 30-31.)  Plaintiff tried to get the next shift nurse to attend to him, but nurse Whedon refused to see him because he was seen previously that day (id. ¶¶ 32-33, 34).  Plaintiff received pain medication from Dyal on February 18, 2001 (id. ¶ 35).  Plaintiff contends that Dyal had a history of altering medical records to cover for other corrections officers (id. ¶ 36), but does not claim the Dyal altered plaintiff's medical records here.

*Pleadings*

In plaintiff's Complaint, plaintiff also alleged claims against other prison employees (sergeant Kenneth Mackay, officers Peter Masterantonio and James Santos) and Southport medical staff (nurse Diana Hersh), and another excessive force claim arising from a February 21, 2001, incident, and a claim for supervisory liability against Mackay.  Initially, plaintiff alleged claims against the movants in the official and individual capacities (Docket No. 1), but this Court dismissed the official capacity claims as well as claims against two other prison officials (Superintendent McGinnis and officer Brower) (Docket No. 3).  The parties stipulated to dismissing claims against Hersh (Docket No. 36).  Aside from movants, the remaining defendants in this action are Mackay, Masterantonio, and Santos, who have not moved for summary judgment.

*Present Motion*

The movants jointly move for summary judgment (Docket No. 37).  The Court issued (and amended) a briefing schedule wherein responses to this motion eventually were due by August 9, 2005, with any reply due by August 30, 2005, and the motion was submitted on papers on September 16, 2005 (Docket Nos. 41, 43, 44, 48).

**DISCUSSION**

I.      Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354.  "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997).  While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for

3

trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

II.     Excessive Force Claim

Knapp argues that plaintiff, in order to prove an Eighth Amendment excessive force claim, plaintiff needed to establish that Knapp's use of force was done maliciously and sadistically and that he suffered serious injury. Knapp contends that plaintiff has not proven that Knapp possessed a culpable state of mind. Further, Knapp alleges that plaintiff wrongfully refused an order to put his arm inside his cell, hence Knapp used the force necessary to get plaintiff to comply with the order. Plaintiff testified in his deposition that Knapp cursed and told him to put his arm back in his cell (Docket No. 45, Pl. Atty. Aff., Ex. A, Pl. EBT Tr. at 17, hereinafter "Pl Tr.") Plaintiff wanted to talk with a sergeant about not receiving his meals and kept his arm out the hatch (id. at 16, 19, 17-18). Without physically threatening Knapp (or anyone else), Plaintiff contends that Knapp responded by smashing plaintiff's arm with the hatch door (id. at 56, 20), then kicking the arm twice as it hung out the hatch (id. at 29). Knapp allegedly then bent back plaintiff's wrist and pushed the arm back into the cell (see id. at 23). Plaintiff argues that Knapp never used means short of using excessive force to compel his compliance (Docket No. 46, Pl. Memo. at 5-6). Plaintiff points to Knapp's testimony that he used force solely to protect himself (id. at 6; Docket No. 45, Pl. Atty. Aff., Ex. B, Knapp EBT Tr. at 65-66, hereinafter "Knapp Tr.") and the fact that Knapp did not write a misbehavior report against plaintiff for violent conduct (Knapp Tr. at 57; Docket No. 46, Pl. Memo. at 6) and Knapp

conceded that force should be used as a last resort by a corrections officer (Knapp Tr. at 69; Docket No. 46, Pl. Memo. at 11).

Plaintiff contends that issues of fact regarding Knapp kicking and smashing plaintiff's arm preclude summary judgment (Docket No. 46, Pl. Memo. at 10). For example, he contends that the videotape of the incident contradicts defendant's version of the facts (see id. at 14).

An Eighth Amendment excessive force claim requires proof of a subjective component which focuses on defendant's motive for his conduct and an objective component which focuses on the conduct's effect. See Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000); Atkins v. County of Orange, 372 F. Supp. 2d 377, 398 (S.D.N.Y. 2005). The subjective component requires a showing that the defendant possessed the necessary level of culpability, by virtue of having engaged in a wanton act. See Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999); Atkins, supra, 327 F. Supp. 2d at 398. (Docket No. 46, Pl. Memo. at 10-11.) The wantonness of the act is determined by examining the extent of injury, the mental state of defendant, the need for the application of force, the correlation between the need and amount of force used, and the threat reasonably perceived by defendant. See Atkins, supra, 327 F. Supp. 2d at 398 (Docket No. 46, Pl. Memo. at 11).

Here, force could be used under Department of Corrections Services regulations and training manuals for corrections officer self-defense, or to have an inmate comply with a lawful command (see Docket No. 46, Pl. Memo. at 11; Docket No. 45, Pl. Atty. Aff., Ex. F; Knapp Tr. at 65). Knapp testified that he used force only for self-defense and without resorting to other means short of force (much less excessive force--such as merely pushing the arm into the cell or just ignoring the plaintiff and walking off) and never wrote plaintiff up for any violent conduct.

Knapp never claimed that he used force to obtain compliance with his order to return plaintiff's arm back into his cell. By smashing the arm, kicking it twice, twisting the wrist and shoving the arm into a hatch, at a minimum, Knapp's conduct raises issues of fact on the subjective component for excessive force claim.

On the objective component, plaintiff testified that his arm was swollen for months following the incident, with bruising, pain, lacerations, and numbness in that right arm (see Docket No. 46, Pl. Memo. at 6-7, 16). Defendants do not refute the extent of plaintiff's injuries for his excessive force claim.

Therefore, defendants' motion for summary judgment as to defendant Knapp is **denied**.

III.    Deliberate Indifference Claim

    A.    Standard

Plaintiff asserts a deliberate indifference claim under the Eighth Amendment, and as such has the burden of proving that defendants Dyal and Whedon acted with deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Eighth Amendment prohibits infliction of "cruel and unusual punishments" which includes punishments that "involve the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976) (citations omitted); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). The Eighth Amendment applies to prison officials when they provide medical care to inmates. Hathaway, supra, 37 F.3d at 66; see Estelle, supra, 429 U.S. at 103. "To establish an unconstitutional denial of medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Hathaway, supra, 37 F.3d at 66 (quoting Estelle, supra, 429 U.S. at

104).  Mere negligent treatment or malpractice upon a prisoner, however, does not create an Eighth Amendment violation.  Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972).

This claim has two elements, an objective component, that the deprivation must be sufficiently serious; and a subjective component, that the defendant official must act with sufficiently culpable state of mind.  Hathaway, supra, 37 F.3d at 66.  "Sufficiently serious" for the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain."  Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) (quoted in Hathaway, supra, 37 F.3d at 66).  Plaintiff needs to prove that defendants wantonly intended to cause him to suffer.  Wilson v. Seiter, supra, 501 U.S. at 302.

    B.    Application

Dyal argues that plaintiff has not produced evidence of suffering any objective harm to his arm.  He only indicated to her cuts on the arm and plaintiff later testified that he did not know if the arm was in fact broken (see Pl. Tr. at 31-32).  Dyal urges this Court disregard plaintiff's allegations of Dyal falsifying medical records because his allegations are without foundation.  Whedon contends that plaintiff's accusations were based only on hearsay and speculation.  Whedon as a nurse was not authorized to request that an inmate be removed for an x-ray examination.  Plaintiff responds that the nurses breached their duty to examine an inmate who requests a sick call (Docket No. 46, Pl. Memo. at 17-19).

Plaintiff has not established the objective standard for deliberate indifference.  Even accepting plaintiff's contentions as true, he suffered pain, swelling, numbness, and lacerations on the injured arm, these symptoms, by themselves, do not meet the objective standard for deliberate indifference for the nurses' failure to immediately treat plaintiff.  Thus, as to defendants Whedon

and Dyal, their motion for summary judgment is **granted**.  Given this result, the Court need not consider their qualified immunity argument.

IV.     Qualified Immunity

Given the disposition as to Dyal and Whedon, the Court will consider only Knapp's arguments seeking qualified immunity.  Each movant here argues alternatively that they should enjoy qualified immunity.  Knapp contends that he used a level of force reasonable under the circumstances.  Plaintiff asserts that defendants are not entitled to qualified immunity because their actions were not reasonable under the law or facts (Docket No. 46, Pl. Memo. at 19-21).

When confronted by a claim of qualified immunity, one of the first questions for the Court to resolve is--do the facts, taken in the light most favorable to the party asserting the injury, show the official's conduct violated a constitutional right.  See Saucier v. Katz, 533 U.S. 194, 201 (2001).  As required by the Saucier Court, this Court first considered (above) the constitutional question, then considered the qualified immunity question, id.  The discussion above indicates whether a constitutional violation occurred.  Government officials performing discretionary functions generally are shielded by qualified immunity from liability in their individual capacities, see Frank v. Reilin, 1 F.3d 1317, 1327 (2d Cir. 1993), "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "If it was objectively reasonable for the defendant to believe that his act did not violate the plaintiff's constitutional rights, the defendant may nevertheless be entitled to qualified immunity." Anderson v. Creighton, 483 U.S. 635, 641 (1987); Lowth v. Town of Cheektowaga, 82 F.3d 563, 568-69 (2d Cir. 1996).

Knapp argues that he is entitled to qualified immunity because the situation he faced required immediate action, that (given plaintiff's cell block and the heightened security precautions taken therein) Knapp's use of force was reasonable (Docket No. 40, Defs. Memo. at 12). Plaintiff disputes the reasonableness of Knapp's actions to warrant immunity given that this was a non-emergent situation (Docket No. 46, Pl. Memo. at 20). Questions of fact preclude resolution of Knapp's immunity claim at this stage (id.). The Court agrees; there is an issue of fact whether the use of force was reasonable to warrant immunity. Therefore, on the qualified immunity ground, defendant Knapp's motion is also **denied**.

V.      Remaining Parties and Claims

Thus, the remaining claims are plaintiff's first claim for excessive force against defendant Knapp, and those unchallenged claims against defendants Mackay, Masterantonio, and Santos. Separately, this Court issued a minute entry and Order which scheduled the final pretrial activities in this case and scheduled the jury selection and trial for **Monday, December 12, 2005, starting at 10 am**. Pretrial Statements (with the requested submissions) are due by **November 28, 2005**. (Docket No. 48.)

## CONCLUSION

For the reasons stated above, defendants Charles Knapp, Karen Dyal, Terry Whedon's motion for summary judgment (Docket No. 37) is **granted in part** (as to defendants Dyal and Whedon), and **denied in part** (as to defendant Knapp, both on merits of motion and on qualified immunity grounds. The Court Clerk is directed to enter judgment as to defendants Dyal and Whedon consistent with this Order and terminate them as parties in this action.

Trial of this action before a jury shall commence on **December 12, 2005**.

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 23, 2005